UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS EDWARD DENNIS,

        Petitioner,                                 CASE NO. 2:18-CV-12197

v.                                                 HONORABLE SEAN F. COX

SHERRY L. BURT,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY (Dkt. 23)

Petitioner William Edward Dennis has appealed the Court's denial of his habeas corpus petition. The Court determined that the petition was barred by the statute of limitations. In the same opinion and order, the Court declined to issue a certificate of appealability because reasonable jurists could not debate whether the Court's procedural ruling was correct or whether the petition stated a valid claim of the denial of a constitutional right.

Now before the Court is Petitioner's motion for a certificate of appealability. Because the Court has already denied a certificate of appealability, the Court construes Petitioner's motion as a motion for reconsideration of that ruling.

This District's Local Rules provide that,

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on

the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Petitioner is not disputing the Court's conclusion that his habeas petition was untimely. Instead, he contends that he is actually innocent of the charges against him and, therefore, the Court should consider the merits of his habeas claims.

The Court rejected Petitioner's "actual innocence" claim in its dispositive opinion. The Court noted that actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to a consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the Court also acknowledged that

> [t]enable actual innocence gateway pleas are rare. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In other words, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

"[This] standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do."

*Schlup*, 513 U.S.at 329. The standard "is by no means equivalent to the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979), . . . that governs review of claims of insufficient evidence" and "looks to whether there is sufficient evidence which, if credited, could support the conviction." *Id.* at 330.

> Under *Jackson*, the use of the word "could" focuses the inquiry on the power of the trier of fact to reach its conclusion. Under [the proper standard], the use of the word "would" focuses the inquiry on the likely behavior of the trier of fact.

*Id.* The Supreme Court's "adoption of the phrase 'more like than not' reflects this distinction." *Id.*

The Court stated in its dispositive opinion that Petitioner was not entitled to pass through the actual-innocence gateway and have his claims heard on the merits because his new evidence -- employment and financial records -- was not a complete alibi. The Court then stated that "a reasonable juror could have voted to find Petitioner guilty beyond a reasonable doubt despite the new evidence." Op. and Order, Dkt. 21, at 13. Petitioner concludes from this language that the Court used an incorrect sufficiency-of-the-evidence standard, rather than the probabilistic standard that governs gateway innocence claims.

Even if the Court erred by focusing on the power of reasonable jurors to reach their conclusion, correcting the defect would not result in a different disposition of the case. The Court meant to focus on what a reasonable juror would do if provided with Petitioner's new evidence. The Court's probabilistic determination is that, more likely than not, in light of the new evidence, a reasonable juror would find Petitioner guilty beyond a reasonable doubt. Stated

3

differently, Petitioner has not persuaded the Court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Therefore, Petitioner's actual-innocence claim does not entitle him to pass through the gateway and have his habeas claims heard on the merits. Furthermore, he is not entitled to reconsideration of the Court's previous decision, because correcting the alleged defect would not result in a different disposition of his case. Accordingly, IT IS ORDERED that Petitioner's motion for a certificate of appealability and his implicit request for reconsideration are DENIED.

                                         s/Sean F. Cox
                                         Sean F. Cox
                                         United States District Judge

Dated: November 8, 2019