UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EDWARD DENNIS,

    Petitioner,

v.

    CASE NO. 2:18-cv-12197
    HONORABLE SEAN F. COX

SHERRY L. BURT,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE COMBINED PETITION
AND MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 28)
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On July 13, 2018, petitioner William Edward Dennis filed a *pro se* habeas corpus petition challenging his Michigan convictions for criminal sexual conduct. His sole ground for relief was that his trial attorney was constitutionally ineffective. On September 16, 2019, the Court dismissed the petition because it was barred by the statute of limitations. Petitioner appealed the Court's decision, but the United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. Now before the Court is Petitioner's motion for relief from judgment, which is attached to a petition for the writ of habeas corpus. *See* ECF No. 28. The Court will deny the petition and motion for the reasons given below.

**I. Background**

On March 6, 2014, a Wayne County Circuit Court jury found Petitioner guilty of two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b), and one count of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1). On

March 20, 2014, the trial court sentenced Petitioner to concurrent terms of seventeen and one-half to thirty years in prison for the first-degree convictions and seven to fifteen years for the third-degree conviction. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion, *see People v. Dennis*, No. 321191, 2015 WL 4990874 (Mich. Ct. App. Aug. 20, 2015), and on March 8, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *People v. Dennis*, 875 N.W.2d 214 (Mich. 2016) (table decision).

On April 15, 2016, Petitioner's mother signed an agreement in which she agreed to pay an attorney $15,000 to file a motion for relief from judgment in Petitioner's behalf. Almost eleven months later, on or about March 7, 2017, the attorney filed the motion for relief from judgment in the state trial court, and on August 10, 2017, the trial court denied the motion.

On March 28, 2018, Petitioner filed a *pro se* delayed application for leave to appeal the trial court's decision on his post-judgment motion. While his application was pending in the Michigan Court of Appeals, Petitioner filed a *pro se* habeas corpus petition that was assigned to another judge in this District on April 27, 2018. A few days later, Petitioner wrote to the Clerk of the Court and asked the Clerk to disregard his petition because it was a mistake and his mother had mailed it prematurely. He explained that he was in the process of filing a delayed application for leave to appeal in the Michigan Court of Appeals and that he would be filing another application for the writ of habeas corpus after he exhausted all his state remedies. On May 10, 2018, the judge assigned to that case

summarily dismissed Petitioner's habeas petition without prejudice. *See Dennis v. Burt*, No. 2:18-cv-11336 (E.D. Mich. May 10, 2018).

On May 22, 2018, the Michigan Court of Appeals dismissed Petitioner's collateral appeal because he failed to file his delayed application within the time required by Michigan Court Rule 7.205(G)(3). *See People v. Dennis*, No. 343697 (Mich. Ct. App. May 22, 2018). Petitioner then applied for leave to appeal in the Michigan Supreme Court, and while his application was pending in the Michigan Supreme Court, Petitioner filed his habeas corpus petition in this case. The petition was signed on April 15, 2018, but it was mailed by Petitioner's mother and received by the Clerk of Court on July 13, 2018. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal. *See People v. Dennis*, 919 N.W.2d 785 (Mich. 2018) (table decision).

On September 16, 2019, the Court dismissed Petitioner's habeas corpus petition after concluding that it was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Petitioner applied for a certificate of appealability, but this Court and the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *See* ECF No. 21, PageID.1528; ECF No. 26; and *Dennis v. Burt*, No. 19-2196 (6th Cir. Jan. 15, 2020) (unpublished).

On April 24, 2020, Petitioner filed his petition and motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). He seeks equitable tolling of the habeas statute of limitations on the basis that his post-conviction attorney's disloyalty, bad faith, abandonment of him, and egregious misconduct caused him to miss the filing deadline.

Petitioner also seeks a stay and an evidentiary hearing on his argument about his post-conviction attorney.

## II. Discussion

Second or successive applications for the writ of habeas corpus generally must be dismissed, see 28 U.S.C. § 2244(b), and "Rule 60(b) motions . . . may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). "Hence, when faced with what purports to be a Rule 60(b) motion . . . , federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Id*. (citing *Gonzalez*, 545 U.S. at 531-531).

"[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,' " and "a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. "[A] Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id*. at 538. Stated differently, a movant is not making a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4.

Petitioner is attempting to circumvent the statute of limitations, which was the basis for the Court's dismissal of his habeas petition. Accordingly, his present motion is not the

4

equivalent of a second or successive petition, and the Court will proceed to address his motion, rather than transferring the motion to the Court of Appeals as a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A).

### A.  Legal Framework

As noted above, Petitioner is seeking relief from judgment under Federal Rule of Civil Procedure 60(b). That rule "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez*, 545 U.S. at 528. Under Rule 60(b)(6), the provision on which Petitioner relies, a district court may also vacate a final judgment for "any other reason that justifies relief."

Rule 60(b)(6), "is available only in 'extraordinary circumstances.' " *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018) (quoting *Gonzalez,* 545 U.S. at 536); *accord Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (noting that "[r]elief under Rule 60(b) is the exception, not the rule" and that a court may grant relief under Rule 60(b) " 'only in exceptional or extraordinary circumstances' where principles of equity 'mandate' relief"); *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (stating that "[r]elief pursuant to Rule 60(b)(6) is available 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule' and 'only as a means to achieve substantial justice.' ") (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)). Exceptional or extraordinary circumstances mandating relief under Rule 60(b)(6) " 'rarely occur' in the *habeas* context." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir.  2018)

(quoting *Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015) (quoting *Gonzalez*, 545 U.S. at 535)).

Petitioner contends that his post-conviction attorney's unprofessional conduct is an extraordinary circumstance that warrants tolling of the statute of limitations. "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). Although AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), "federal courts sparingly bestow equitable tolling," *Graham-Humphreys*, 209 F.3d at 560. The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

At least sometimes, professional misconduct can "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id*. at 651. The canons of professional responsibility "require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client." *Id*. at 652-653; *see also Maples v. Thomas*, 565 U.S. 266, 271, 289 (2012) (concluding that the petitioner had shown cause to excuse a procedural default because

he was abandoned by counsel without a warning, was left unrepresented at a critical time for his state postconviction petition, and lacked a clue of any need to protect himself *pro se*).

### B.  Application

Exhibits to Petitioner's motion provide some support for his contention that his post-conviction attorney conducted himself in an unprofessional manner.  The attorney required a deposit of $15,000 for his services even though his written agreement with Petitioner's mother only required him to file a motion for relief from judgment in the state trial court under Subchapter 6.500 of the Michigan Court Rules.  *See* Petitioner's Mot. for Relief from J., Ex. B, ECF No. 28, PageID.1584.

In subsequent months, the attorney failed to communicate with Petitioner about the status of his case, despite multiple requests from Petitioner for the attorney to communicate with him.  Beginning on June 13, 2016, Petitioner wrote to the attorney and asked the attorney to talk with him before doing anything with his case.  *Id.,* Ex. E, ECF No. 28, PageID.1597.  On November 9, 2016, Petitioner wrote to the attorney again and asked the attorney to send him a copy of any motion or brief that the attorney intended to file in state court.  *Id*., Ex. G., ECF No. 28, PageID.1608.

In a letter to the attorney on December 5, 2016, Petitioner pointed out the one-year deadline for filing his habeas petition and the importance of filing a post-conviction motion in state court to toll the federal habeas corpus statute of limitation.  Petitioner also asked the attorney to communicate with him.  *Id*., Ex. H, ECF No. 28, PageID.1610-1611.  On January 16, 2017, Petitioner again reminded his attorney about the deadline for his

habeas petition and about his desire to review any documents before the attorney filed the documents. He stated that the attorney was obligated to visit him at least one time to discuss his case face-to-face and that their two brief phone calls were inadequate because Petitioner was unable to speak privately with the attorney from prison. *Id*., Ex. I, ECF No. 28, PageID.1613-1617.

By February 6, 2017, the attorney had sent a draft of the post-conviction motion to Petitioner. Petitioner responded in writing by asking the attorney to incorporate Petitioner's suggestions in the motion and to communicate with him. *Id*., Ex. D, ECF No. 28, PageID.1594-1595.

On February 21, 2017, Petitioner asked the attorney to file the post-conviction motion immediately so that the federal statute of limitations for his future habeas petition could be tolled and he could preserve the time that he had left to file the petition. *Id*., Ex. C, ECF No. 28, PageID.1590-1592.

On March 7, 2017, the attorney filed the post-conviction motion in Petitioner's behalf. He also notified Petitioner's mother by e-mail that the motion was filed and that the filing would stop the clock on issues that might someday be the subject of a federal habeas corpus petition. The attorney reassured Petitioner's mother that the motion could be amended. *Id*., Ex. J, ECF No. 28, PageID.1618.

The attorney eventually visited Petitioner on March 11, 2017, four days after the post-conviction motion was filed. The motion did not include all the issues that Petitioner had asked the attorney to raise, and the attorney apparently did not attempt to acquire information from Petitioner's trial attorney until after he filed the motion for relief from

8

judgment even though Petitioner had requested the information during the previous year. *Id*., Ex. K, ECF No. 28, PageID.1620.

The trial court denied the motion for relief from judgment on August 10, 2017, but the proof of service attached to the order indicates that it was not sent to the attorneys of record until September 19, 2017. *See id*., Ex. O, ECF No. 28, PageID.1629-1632. Petitioner's post-conviction attorney mailed a copy of the order to Petitioner, and in a letter dated November 17, 2017, Petitioner asked the attorney whether the attorney intended to file a motion for reconsideration in his behalf. He stated that the attorney had led him to believe that the attorney would pursue his case in the lower court and in the court of appeals and that he needed the attorney to communicate with him. He pointed out that he had written over twenty letters to the attorney, that he had received no responses, and that he also had been unable to reach the attorney by telephone. *Id*., Ex. P, ECF No. 28, PageID.1635-1636, 1634.[1]

Petitioner's exhibits also indicate that the attorney misplaced Petitioner's file at one point and that he put Petitioner's case on hold to work on other cases. *Id*., Ex. I, ECF No. 28, PageID.1614. Petitioner's mother has substantiated some of Petitioner's claims about the attorney. *See id*., Ex. A, ECF No. 28, PageID.1580-1582 (Janet Mason-Eilliott's affidavit); *id*., Ex. F, PageID.1603 (Ms. Mason-Elliott's facsimile message to the attorney).

Despite the attorney's conduct, as summarized in the preceding paragraphs, the Court does not believe that the attorney was the cause of Petitioner's untimely habeas

---

[1] This letter was scanned in such a way that the last page of the letter appears on the docket entry before the first two pages of the letter.

petition. One reason for this conclusion is that Petitioner admitted to learning from several "jailhouse lawyers" as early as December 5, 2016, that he could file a habeas petition and ask to have the petition held in abeyance while he pursued state remedies for any unexhausted issues. *See id.*, Ex. H, ECF No. 28, PageID.1610-1611.

In addition, unlike the attorneys in *Holland* and *Maples*, Petitioner's post-conviction attorney did not abandon him. The attorney filed a post-conviction motion in Petitioner's behalf three months before the habeas statute of limitations expired, and the filing of the motion tolled the limitations period. 28 U.S.C. § 2244(d)(2). And even though Petitioner alleges that the attorney led him and his mother to believe that the attorney would file a habeas corpus petition for him, the written agreement did not include filing a habeas petition in Petitioner's behalf, and Petitioner admits that he eventually received a copy of the agreement from his mother.

The written agreement also did not require the attorney to file an appeal from the trial court's decision on the post-conviction motion. Petitioner represented himself during the appeal from the trial court's decision on his post-conviction motion, and he had a few months to file the appeal after he received the trial court's decision on his motion. His appeal was late, but the late appeal does not appear to be his attorney's fault. He informed the Michigan Court of Appeals that the application was late because a legal writer had advised him that he had one year to appeal the trial court's decision. *See* ECF No. 15-12, PageID.1323.

Possibly the most compelling reason for concluding that Petitioner's former attorney was not the reason for Petitioner's untimely habeas petition is the fact that

10

Petitioner filed his first habeas corpus petition in a timely manner while acting as his own attorney. The case was dismissed solely because Petitioner subsequently asked the Court to disregard the petition. "Those unwilling to help themselves are not compelling candidates for equitable assistance from the courts," and it is difficult to say that extraordinary circumstances prevented Petitioner from meeting the filing deadline when some of the delay was attributable to his own actions. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010).

### III. Conclusion

Petitioner has failed to show that his post-conviction attorney's allegedly egregious conduct created an extraordinary circumstance that caused him to miss the filing deadline in this case. Thus, equitable tolling of the statute of limitations is not warranted, and there is no exceptional circumstance justifying relief under Rule 60(b)(6). Accordingly, the Court denies Petitioner's Rule 60(b)(6) motion for relief from judgment and the accompanying petition. The Court also denies as moot the motion for a stay and an evidentiary hearing.

### IV. Denial of a Certificate of Appealability

A certificate of appealability is necessary to appeal the denial of a motion brought under Rule 60(b). *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). Further, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition

11

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and end citations omitted).

Petitioner has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not conclude that his Rule 60(b) motion deserves further review. The Court, therefore, declines to issue a certificate of appealability.


Dated: February 16, 2021                             s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge